**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5543-17T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

PRINCE ALVARADO a/k/a
P GOD, P, and NELSON TROY
HOLLIDAY,

     Defendant-Appellant.

_____

Submitted December 9, 2019 – Decided  January 3, 2020

Before Judges Sumners and Geiger.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment Nos. 07-02-0238 and 07-02-0240.

Joseph E. Krakora, Public Defender, attorney for appellant (Anderson David Harkov, Designated Counsel, on the brief).

Christopher L.C. Kuberiet, Acting Middlesex County Prosecutor, attorney for respondent (Joie D. Piderit, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Prince Alvarado appeals from a June 27, 2018 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm substantially for the reasons expressed by Judge Colleen M. Flynn in her comprehensive written opinion.

I.

We glean the following facts from the plea hearing. On August 26, 2006, defendant was involved in a dispute altercation in Sayreville. At that point in time he was unarmed. Following the dispute, defendant and others proceeded to a different location in Sayreville.[1] By that point, defendant had acquired a firearm. While at the second location, defendant discharged multiple rounds from the firearm toward the ground in the direction of a group of people. The group included Shukir London, who was unarmed and had not physically attacked defendant. Some of the bullets ricocheted off the pavement and struck London and an innocent bystander, named Victoria Mierzejewski, in their legs.

Defendant does not contest these facts. He contends, however, that he did not intend to kill or injure anyone. Rather, he insists that he discharged the

---

[1] The two locations were a QuickChek convenience store and a White Castle restaurant. It is not clear from the record which was the first or second location.

firearm because London had threatened him, and he believed it would defuse the situation. Despite this belief, he testified that his actions created a risk that someone would be killed. At the time of the incident, defendant knew he was not permitted to possess a firearm due to a prior conviction.

On February 1, 2007, a Middlesex County Grand Jury returned Indictment No. 07-02-0238 charging defendant with four counts of first-degree attempted murder, N.J.S.A. 2C:5-1 and 2C:11-3(a)(1) (counts one, three, five, and seven); four counts of second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1) (counts two, four, six, and eight); third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b) (count nine); and second-degree possession of a weapon for unlawful purpose, N.J.S.A. 2C:39-4(a) (count ten). The grand jury also returned Indictment No. 07-02-0240 charging defendant with second-degree certain persons not to have a firearm, N.J.S.A. 2C:39-7(b).

Defendant failed to appear for a pre-arraignment conference. He was apprehended two years later in Florida and arraigned on January 11, 2010.

On March 31, 2010, defendant entered into a plea agreement. He pleaded guilty to count one (attempted murder) and an amended count six (third-degree aggravated assault with a deadly weapon) of Indictment No. 07-02-0238 and count one (certain persons not to have a firearm) of Indictment No. 07-02-0240,

in exchange for a recommended sentence of two concurrent ten-year terms under the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, on Indictment No. 07-02-0238, consecutive to a five-year term subject to a five-year period of parole ineligibility, on Indictment No 07-02-0240. On May 24, 2010, defendant was sentenced in accordance with the plea agreement.

During the plea hearing, defendant acknowledged initialing and signing the plea form. He indicated that he understood the questions on the plea forms and that his answers were truthful. He confirmed that he was pleading guilty because he committed the offenses. He affirmed that no one had forced, coerced, or threatened him or made any promises to get him to plead guilty. He acknowledged the rights he was waiving by pleading guilty. He confirmed understanding he was pleading guilty to NERA offenses that mandated five years of parole after release. Defendant also confirmed reviewing the NERA and Graves Act plea forms with counsel.

Defendant acknowledged he had some college education and was not under the influence of any drugs or alcohol that would impair his judgment ability. Defendant confirmed more than once that he was satisfied with trial counsel's legal advice. He indicated that he did not have any questions of the court, the prosecutor, or trial counsel. Defendant also indicated that he had

enough time to think about and discuss the plea agreement with trial counsel. When asked if he knew "fully well what [he] was getting into," defendant answered, "Yes." When asked by the court if the aggregate sentence was a ten-year prison term with a consecutive five-year term subject to a five-year period of parole ineligibility, defendant answered, "Yes." The court accepted the plea and factual basis, finding they were "freely and voluntarily made without force or coercion."

Defendant appeared for sentencing on May 24, 2010. Trial counsel stated there were no additions, deletions, or corrections to the presentence report. Trial counsel noted the recommended sentence was comprised of two concurrent ten-year NERA terms, consecutive to a five-year, must serve five term. Trial counsel stated it would be "disingenuous" to argue that any mitigating factors applied. He requested that the court sentence defendant in accordance with the plea agreement. Counsel described the recommended sentence as "fair" and asked the court to adopt it.

During his allocution, defendant stated: "I would just like to apologize to the people in the State of New Jersey and County of Middlesex for my wrongful deeds. Never really intended to cause harm to anybody. I'm real sorry for it. I apologize."

The trial court found aggravating factors three (risk of defendant committing another offense), six (prior record), and nine (deterrence), N.J.S.A. 2C:44-1(a)(3), (6) and (9), and no mitigating factors. It determined that the aggravating factors substantially outweighed the mitigating factors. Defendant was sentenced in accordance with the plea agreement. Appropriate periods of mandatory parole supervision were imposed pursuant to NERA. Defendant was ordered to pay for the cost of extradition from Florida.

Defendant filed a pro se PCR petition that was dismissed without prejudice on October 11, 2012, "at the request of the defendant, in order to attempt to file a late direct appeal."

On December 16, 2013, defendant's sentence was affirmed on an Excessive Sentence Oral Argument calendar. R. 2:9-11. We found his sentence was not manifestly excessive or unduly punitive and did not constitute an abuse of discretion.

Defendant filed a motion to correct an illegal sentence on April 21, 2014. The motion was denied without prejudice due to defendant's failure to attach supporting documentation. Defendant later filed a second motion to correct an illegal sentence that was denied on March 21, 2017, without prejudice to his right to file a petition for PCR.

A-5543-17T1

On May 11, 2017, defendant filed a second pro se PCR petition. The petition alleged ineffective assistance of counsel. PCR Counsel was appointed to represent defendant. Defendant claimed his guilty plea should be vacated because it was entered without a full understanding of its consequences. He asserted that at the time he pleaded guilty, he was not aware that the plea agreement called for a fifteen-year term subject to parole ineligibility under NERA on Indictment 07-02-0238, or that the certain persons offense sentence on Indictment No. 07-02-0240 would run consecutively. Defendant also argued that trial counsel was ineffective for not arguing that mitigating factors two (defendant did not contemplate his conduct would cause or threaten serious harm), three (defendant acted under a strong provocation), and nine (defendant unlikely to reoffend), N.J.S.A. 2C:44-1(b)(2), (3) and (9), applied. Defendant further argued that appellate counsel was ineffective by failing to argue that a sentencing remand was required because the trial court did not provide a statement of reasons for imposing consecutive sentences. PCR counsel submitted statements of individuals who would have been willing to speak on defendant's behalf at the sentencing hearing if they had been contacted by trial counsel. Defendant requested an evidentiary hearing.

A-5543-17T1

After hearing oral argument on June 4, 2018, Judge Flynn issued a June 27, 2018 order and June 25, 2018 twenty-seven-page written opinion denying the petition without an evidentiary hearing.

The court first addressed whether the petition was time-barred. Rule 3:22-12 requires a petition for PCR to be filed within five years after the date of entry of the judgment of conviction. Defendant was sentenced on May 24, 2010. The judgments of conviction were entered the following day. His petition was filed over seven years later on June 12, 2017. Defendant conceded that his petition was filed two years out-of-time. He contended, however, that the time-bar should not be enforced because his failure to timely file his petition was due to "excusable neglect and that there is a reasonable probability that if [his] factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice." (Quoting R. 3:22-12(a)(1)(A)). He claimed the issues presented were "identical to the issues he wanted to raise in his motion to correct an illegal sentence." The court noted, however, that defendant's motion to correct an illegal sentence was filed in July 2016, and likewise beyond the five-year time limit.

A-5543-17T1

The court determined the petition was time-barred. It noted defendant conceded that "ignorance of the law is not a sufficient excuse for delay in filing." The court further noted that defendant's sentence was upheld on direct appeal.

Pursuant to State v. O'Donnell, 435 N.J. Super. 351, 368 (App. Div. 2014), the court separately considered defendant's motion to withdraw his guilty plea, which was not time-barred. The court rejected defendant's claim that his plea was not knowing and voluntary and the product of ineffective assistance of counsel. The court found that the plea forms and plea transcript refuted defendant's claim that he was not sufficiently advised of his sentence recommendation of an aggregate fifteen-year term, subject to over thirteen years of parole ineligibility. The court determined that the transcripts of those hearings demonstrated that any confusion regarding whether the terms were consecutive or concurrent terms was addressed and clarified during the subsequent plea hearing. Consequently, the court found "defendant was well aware of his maximum exposure," and had "failed to establish he was prejudiced" or that "but for counsel's errors, he would have proceeded to trial." Accordingly, it concluded defendant "did not receive ineffective assistance of counsel during his plea bargaining."

A-5543-17T1

The court determined that the plea colloquy demonstrated that the plea was entered knowingly and voluntarily and that the requirements of Rule 3:9-2 were met.

The court then applied the four factors adopted in State v. Slater, 198 N.J. 145, 157-58 (2009). As to the first factor, the court found defendant did not assert a colorable claim of innocence. "Rather, defendant Alvarado states that he did not intend to kill anyone, and only wanted to scare London by firing bullets at the ground." When difficulties obtaining a factual basis for a plea to attempted murder arose, the plea was amended to aggravated assault under count six. The court concluded that defendant's "self-serving" claim of innocence was "merely a blanket, bald statement that is insufficient to satisfy prong [one] of Slater."

As to the second factor, the court concluded defendant "ha[d] not established a fair and just reason for withdrawing his guilty plea," reiterating that it was "clear that the defendant was in fact informed of his aggregate plea term."

The court stated that the third factor, the existence of plea agreement, applied but "should not be given great weight in the balancing process," citing Slater, 198 N.J. at 161.

With respect to the fourth factor, whether withdrawal would prejudice the State, the court noted the State is not required to establish prejudice since defendant did not satisfy the first, second, or third factors, citing Slater, 198 N.J. at 162.

Based on its findings that defendant failed to satisfy the Slater factors and had not established that a failure to withdraw his guilty plea would result in a manifest injustice, the court denied the motion.

The court next addressed defendant's claim that trial counsel was ineffective during the sentencing hearing by failing to argue mitigating factors two, three, and nine applied. It noted that failure to assert mitigating factors only amounted to ineffective assistance of counsel when "evidential support" existed for the omitted mitigating factors, quoting State v. Hess, 207 N.J. 123, 149 (2011).

As to mitigating factor two, defendant argued he only intended to scare the victim by firing a gun in his direction and did not contemplate a chance of harm. The court found "no evidential proof to support mitigating factor [two]," noting that defendant acknowledged during the plea hearing that he understood that if the victim was struck it could have killed him. The court concluded "defense counsel could not have legitimately argued, based upon the facts of this

case, that the defendant did not contemplate that his conduct could threaten serious harm to the victim."

As to mitigating factor three, the court found defendant did not provide any evidence that supported his claim that he acted under a strong provocation. Thus, the court found no basis for applying mitigating factor three. Similarly, the court found no evidential support for applying mitigating factor nine. Accordingly, the court concluded defendant did not demonstrate that counsel's performance was deficient or that he was prejudiced by counsel's failure to argue the mitigating factors applied, thus failing to satisfy either prong under Strickland.[2] The court explained that defendant received prison terms in "the bottom of the sentencing range" as to each of the crimes he pleaded guilty to. Moreover, the indictments exposed defendant to a far longer aggregate sentence if he had gone to trial.

Lastly, the court rejected defendant's claim that appellate counsel was ineffective for failing to argue the trial court neglected to state justifications for imposing consecutive sentences. The court stated, "defendant's contentions regarding consecutive sentences or the absence of reasons for imposition of the

---

[2] Strickland v. Washington, 466 U.S. 668, 687 (1984).

consecutive sentences do not relate to the issue of sentence 'legality' and are not cognizable on PCR," quoting State v. Acevedo, 205 N.J. 40, 47 (2011).

Based on these findings and legal conclusions, the court found defendant failed to establish a prima facie case of ineffective assistance of counsel and denied defendant's petition without an evidentiary hearing. This appeal followed.

Defendant raises the following points for our consideration:

POINT ONE

THE TIME BAR OF [RULE] 3:22-12 SHOULD NOT BE APPLIED TO DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF.

POINT TWO

THE PCR COURT ERRED WHEN IT FAILED TO GRANT DEFENDANT'S REQUEST FOR AN EVIDENTIARY HEARING BECAUSE THE PLEA FORM AND TRANSCRIPT SUPPORTED DEFENDANT'S CLAIM, AND ESTABLISHED A PRIMA FACIE CASE, THAT HIS TRIAL ATTORNEY NEVER TOLD HIM HE COULD RECEIVE A FIFTEEN[-]YEAR SENTENCE UNDER THE TERMS OF THE PLEA AGREEMENT.

POINT THREE

THE FAILURE OF TRIAL COUNSEL TO ASSURE THAT DEFENDANT'S TESTIMONY AT THE PLEA HEARING ESTABLISHED A FACTUAL BASIS FOR THE CRIME OF ATTEMPTED MURDER, DESPITE

THE FACT COUNSEL HIMSELF ATTEMPTED TO ELICIT THE FACTUAL BASIS, DEPRIVED DEFENDANT OF HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL.

POINT FOUR

THE FAILURE OF TRIAL COUNSEL TO ADVISE DEFENDANT THAT THE PRIMARY PENAL CONSEQUENCE OF HIS GUILTY PLEA WAS THAT HE COULD BE SENTENCED TO AN AGGREGATE FIFTEEN[-]YEAR PRISON TERM, DEPRIVED DEFENDANT OF HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL.

POINT FIVE

THE PCR COURT ERRED WHEN IT FAILED TO GRANT DEFENDANT A NEW SENTENCE HEARING AS A RESULT OF TRIAL COUNSEL'S FAILURE TO ARGUE IN FAVOR OF MITIGATING FACTORS AND FOR THE IMPOSITION OF CONCURRENT SENTENCES.

POINT SIX

THE ABSENCE OF ANY LEGAL ARGUMENT BY APPELLATE COUNSEL REGARDING THE SENTENCING COURT'S FAILURE TO EXPLAIN WHY IT IMPOSED CONSECUTIVE SENTENCES CONSTITUTED INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL.

Our careful review of the record reveals that each of these arguments lack merit.

14

II.

Under the Sixth Amendment of the United States Constitution, a criminal defendant is guaranteed the effective assistance of legal counsel in his defense. Strickland, 466 U.S. at 687.  To establish a deprivation of that right, a convicted defendant must satisfy the two-part test enunciated in Strickland by demonstrating that: (1) counsel's performance was deficient, and (2) the deficient performance actually prejudiced the accused's defense.  Ibid.; accord State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-part test in New Jersey).

When a guilty plea is involved, a defendant must satisfy two criteria to set aside the plea based on ineffective assistance of counsel.  State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009).  The defendant must demonstrate that "(i) counsel's assistance was not 'within the range of competence demanded of attorneys in criminal cases'; and (ii) 'that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial.'"  Ibid. (alteration in original) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994)).

PCR courts are not required to conduct evidentiary hearings unless the defendant establishes a prima facie case and "there are material issues of

15

disputed fact that cannot be resolved by reference to the existing record." R. 3:22-10(b). "To establish such a prima facie case, the defendant must demonstrate a reasonable likelihood that his or her claim will ultimately succeed on the merits." State v. Marshall, 148 N.J. 89, 158 (1997). As the PCR court did not hold an evidentiary hearing, we undertake a de novo review. State v. Parker, 212 N.J. 269, 278 (2012).

Rule 3:21-1 permits a motion to withdraw a plea of guilty to be made after sentencing to "correct a manifest injustice." Trial courts should consider the following factors when evaluating motions to withdraw a guilty plea: "(1) whether the defendant has asserted a colorable claim of innocence; (2) the nature and strength of defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4) whether withdrawal would result in unfair prejudice to the State or unfair advantage to the accused." Slater, 198 N.J. at 150.

## III.

We affirm the denial of defendant's petition substantially for the reasons stated by Judge Flynn in her well-reasoned and thorough written opinion. Her factual findings are fully supported by the record and her legal conclusions comport with applicable legal principles. We add the following comments.

Defendant's petition is clearly time-barred. His petition was filed seven years after the judgment of conviction was entered. Defendant did not demonstrate "excusable neglect" or establish that enforcing "the time bar would result in a fundamental injustice." R. 3:22-12(a)(1)(A).

Defendant's petition was also substantively without merit. Defendant did not establish a prima facie case of ineffective assistance of trial counsel. Defendant did not show that he was prejudiced by trial counsel not arguing for the application of mitigating factors two, three, and nine. His claims of ineffective assistance of appellate counsel regarding consecutive sentences were not cognizable on PCR. Acevedo, 205 N.J. at 47. The petition was properly denied without an evidentiary hearing. R. 3:22-10(b).

Defendant's motion to withdraw his guilty plea was also without merit. Defendant gave an adequate factual basis for his plea. He did not satisfy factors one, two, or three of the Slater test. Therefore, the State was not obligated to show prejudice. Slater, 198 N.J. at 162. The motion was properly denied.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

17

A-5543-17T1